IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA,
NORTHEASTERN DIVISION

| | |
|---|---|
| DIANDRA LOCKETT, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | |
| DECATUR HOUSING ) | |
| AUTHORITY, ) | |
| ) | |
| Defendant ) | |

## COMPLAINT

COMES NOW the Plaintiff, Diandra Lockett, and complains against the Defendant for declaratory, injunctive and other relief as follows:

### JURISDICTION

1. Plaintiff, Diandra Lockett, is over the age of nineteen years and is a resident of Morgan County, Alabama.

2. Defendant, the Decatur Housing Authority (hereinafter referred to as "DHA"), is a public corporation organized and existing pursuant to the laws of the State of Alabama, with its principal place of business in Decatur, Morgan County, Alabama.

3. This is a complaint seeking declaratory and other relief for deprivation of rights guaranteed to the Plaintiff by 42 USC 1437, the 5th and 14th Amendments to the Constitution, and 42 USC 1983. The Court has jurisdiction under 28 USC 2201 and 2202, 28 USC 1331 and 1343 (a)(3)(4).

4. At all times hereto, Plaintiff was a participant in a public housing program administered by Defendants pursuant to the United States Housing Act, as amended, 42 USC 1437.

### FACTUAL ALLEGATIONS

5. Plaintiff was a participant in the Housing Assistance program pursuant to Section 8 of the U.S. Housing Act of 1937, 42 USC 1437f (hereinafter referred to as "Section 8") as provided by the Department of Housing and Urban Development (hereinafter referred to as "HUD").

6. Under the Section 8 Voucher Program, low income families are given vouchers to assist with rental payments. The recipient is allowed to use these vouchers at any location approved by the housing authority. The Section 8 program is administered by local public housing authorities,

such as DHA, which enter into Annual Contributing Contracts (hereinafter referred to as ACCs) with HUD. Pursuant to the ACCs, subsidies compensate private landlords for the difference between the rent a tenant can afford and the market rental rate. HUD's regulations for the Section 8 program are in 24 CFR 982.

7. On or about January 13, 2014 the DHA placed in the regular United States mail a notice to the Plaintiff which advised her that her Section would be terminated effective January 31, 2014. The notice stated she violated her Housing Choice Voucher and stated on printed lines, "Cameron Lockett engaged in criminal activity and used participants [sic] address." No further notice was provided to the Plaintiff. See Exhibit "A." The Plaintiff had previously had a hearing on related matters and been allowed to remain on the program See Exhibit "B."

8. Based on this notice the Plaintiff requested a hearing.

9. At the Plaintiff's request an informal hearing was held on February 27, 2014 at the DHA's office. Those present were the Plaintiff, Kenyetta Gray, the Plaintiff's DHA caseworker, Josh Sloan, a Decatur police officer uninvolved in the present case, and Mr. Stephen Brown, the Hearing Officer. At this hearing, numerous due process violations were committed against Plaintiff. The DHA failed to present any evidence of their allegations and there were no witnesses to any violation. Furthermore, no fair hearing officer was provided and the hearing decision does not comply with applicable federal law and regulations.

10. After the hearing the hearing officer issued a decision upholding the DHA's decision See Exhibit "C." Based on the DHA's actions the Plaintiff was removed from her home. See Exhibit "D."

11. DHA failed to provide the Plaintiff with a proper termination notice of her section 8 benefits. The termination notice fails to provide specific allegations as required by federal regulations.

12. The DHA failed to meet its required burden of proof to terminate the Plaintiff's benefits.

13. Defendant has stated they will continue to make the Housing Assistance Payments (hereinafter referred to as "HAP") to the landlord on Plaintiff's behalf until April 30, 2014.

14. Plaintiff has exhausted all administrative remedies as of March 7, 2014.

## DEFENDANT'S ALLEGED VIOLATIONS OF HUD REGULATIONS AND REQUIREMENTS

15. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 14 of her complaint as through fully set forth therein.

16. The termination of housing assistance payments is based upon reasons not authorized by the Act or the regulations governing the program is without any legal authority and is therefore arbitrary and capricious and violates the Plaintiff's right to due process of law under the Fourteenth Amendment of the Constitution.

17. The above-described acts and omissions of Defendants, and each of them, violated Plaintiff's rights pursuant to 42 U.S.C. §§ 1473d(k)(1) and 1437 d(k)(3) because Defendants terminated Plaintiff's housing assistance payments without first advising her of the specific grounds allegedly supporting this action, and Defendants did not provide Plaintiff with an opportunity to examine any documents or records related to the termination as required by 24 CFR 982.555.

18. The DHA failed not only to provide admissible evidence but any evidence at all at the hearing.

19. Pursuant to HUD regulations, the Housing Authority must provide a hearing with an impartial hearing officer. Defendants, in this case, failed to provide an impartial hearing officer.

20. The hearing officer's decision was based completely on hearsay evidence without any legal or factual support.

## DEFENDANT'S ALLEGED VIOLATIONS OF DENIAL OF DUE PROCESS

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 of her complaint as through fully set forth therein. This Cause of Action is brought to 42 U.S.C. § 1983 and the United States Constitution, in particular but not limited to, the Fifth and Fourteenth Amendments thereto.

22. The above-described acts and omissions of Defendants, and each of them, violated Plaintiff's rights pursuant to 42 U.S.C. § 1983 because Defendants terminated Plaintiff's housing assistance payments without providing her with due process, and denied her adequate notice or a meaningful opportunity to be heard.

23. As a direct and proximate result of the acts, omissions, and violations alleged above, Plaintiff suffered damages due to mental anguish in an amount to be proven at trial.

24. Plaintiff also seeks declaratory relief to remedy her loss of a housing subsidy that was wrongfully terminated as a result of Defendant's unlawful acts.

## PLAINTIFF'S CLAIM FOR RELIEF

Wherefore the Plaintiff requests that this Court enter the following relief:

25. Assume jurisdiction over this matter.

26. Enter a preliminary injunction prohibiting the Plaintiff's eviction pending the outcome of this matter.

27. Permanently enjoin Defendant from terminating the Plaintiff's housing for her alleged non-compliance of the program.

28. Plaintiff seeks declaratory relief under 28 USC 2201; a compensatory damages and equitable relief under 42 USC 1983; costs of court; and such other relief as may be just and proper to redress Defendant's deprivation of Plaintiff's rights under the U.S. Housing Act of 1937, 42 USC 1437, and her constitutional right to due process secured by the 5th and 14th Amendments to the U.S. Constitution. Plaintiff seeks to restore those benefits retroactive to the date of termination.

29. As a proximate result of the unlawful and unconstitutional acts and omissions of the Defendants, Plaintiff has been threatened with being wrongfully deprived of her housing and she has suffered mental anguish. The injuries to Plaintiff resulting from the Defendant's violations of Plaintiff's rights are substantial, immediate, and irreparable.

30. Award the Plaintiff's attorneys' fees.

31. Tax costs to Defendant.

32. Grant Plaintiff such other and further relief deemed just and proper.

Respectfully Submitted:

_____
Michael Forton
Attorney for the Plaintiff
Legal Services Alabama
1115-F Church Street
Huntsville, Alabama 35801
(256) 536-9645, ext. 3319

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA,
SOUTHERN DIVISION

| | | |
|---|---|---|
| DIANDRA LOCKETT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| DECATUR HOUSING AUTHORITY, | ) | |
| | ) | |
| Defendant | ) | |

## AFFIDAVIT OF PLAINTIFF

My name is Diandra Lockett and I am over the age of nineteen years. I reside at 1404 7th Street SE, Decatur, Alabama 35601. I have personal knowledge of the facts stated herein.

Approximately four years ago I began participating in Section 8 housing voucher program. The Section 8 program is administered pursuant to the United States Housing Act, as amended, 42 U.S.C. § 1437. I moved into my current home on 7th Street SE and my landlord began taking the Section 8 voucher when I began participating in the program.

In June of 2013 I received a notice that I was being terminated from the Section 8 voucher program due to an assault that my son, Cameron Lockett, is accused of committing. I appeared at the hearing and explained that I had tried to have my son

1

removed from my lease on several occasions and the DHA would not allow it. I also explained that my son had left to live with his father and would not return to my home. At that the time the hearing officer, Paula Larick, determined that I could remain on the Section 8 voucher program. Although the DHA initially sent me a notice that they did not intend to honor the hearing officer's decision they eventually did allow me to remain on the program.

In January of 2014 I received a second notice that my Section 8 voucher would be terminated. The notice stated, "Cameron Lockett engaged in criminal activity and used participants [sic] address." I requested an informal hearing and on February 27, 2014 a hearing was held at which I attended. Stephen Brown was the hearing officer.

No paperwork was provided to me at the hearing. At the hearing the hearing officer looked at a document which I did not see and told the police officer that the paper was old. The police officer stated he would have a newer one faxed. If any documentation was ever presented I did not see it. A police officer from the Decatur Police was present who was not involved in my case described simply indicated that my son had used my address during some contact with the police. He did not present any paperwork to me. The officer had no actual knowledge of the events and was in way involved in my case.

At the hearing the hearing officer acted as the attorney for the Housing Authority. He questioned me and told me it was my job to prove my son did not live with me. I

2

explained that my son had left in June and had never returned. I explained that I had told my son not to use my address and that I could not explain why he used it once when he was arrested. I attempted to provide a copy of a document that I received from my son's probation officer which indicated that my son had lived with his father since June. The hearing officer stated he would not rely on that because there was no proof it came from the probation officer's file.

My case worker, Kenyetta Gray, stated it was her first hearing and she wasn't very comfortable with the procedures for the hearing. She stated that she had no proof that my son was living with me or that I had allowed him to use my address for mail. She stated that she had terminated my Section 8 on directions from her supervisors and that she did not have the authority to agree to allow me to remain on the program.

The hearing office upheld the decision to terminate my benefits. The Housing Authority has informed me that my benefits would be cut off on April 30, 2014. As a result of the termination I have been evicted from my home.

I feel the Housing Authority has denied me my constitutional rights by failing to conduct a proper termination hearing and by failing to follow federal regulations in administering the Section 8 voucher program. I am without any substantial income at this time and the two children I care for and I cannot afford to live without the housing assistance provided by the section 8 program. I will be rendered homeless if the Court does not reinstate my benefits retroactive to the date of termination.

Further the affiant says not.

**I hereby certify that I have read the foregoing Complaint and that the material facts as alleged therein are true and correct to the best of my information and belief.**

_____
Diandra Tania Lockett

STATE OF ALABAMA    )
MADISON COUNTY      )

Before me the undersigned, a Notary Public, in and for said County and State, personally appeared, Diandra Tania Lockett, who under oath, swore that the matters contained in the foregoing are true and correct to the best of her knowledge information and belief.

SWORN TO and SUBSCRIBED before me this 29th day of May, 2014.

_____
NOTARY PUBLIC
Commission Expires: 8/30/14

4

IN RE: )
)
DIANDRA T. LOCKETT )

## FINDING OF HEARING OFFICER

The parties to this action are the Decatur Housing Authority and Diandra T. Lockett. On February 26, 2014 the Decatur Housing Authority appeared by and through its agent, Kenyetta Gray. Diandra Lockett appeared without representation and did not provide any witnesses. Investigator Josh Sloan from the Decatur Police Department was present at the request of the Decatur Housing Authority. The purpose of the hearing was on Ms. Diandra Lockett's request for an informal hearing to dispute the termination of her participation in the Section 8 Housing Choice Voucher Program. At this hearing the issue presented to the undersigned for determination was as follows:

Whether Ms. Locket's Housing Choice Voucher was violated by a family member having been engaged in criminal activity or violent criminal activity or other criminal activity that threatens the health, safety or right to peaceful enjoyment of other residents and persons residing in the immediate vicinity of the premises and/or having used Ms. Lockett's address after previously being removed from the address.

The undersigned heard testimony from Ms. Kenyetta Gray, and received documents from her. The evidence presented by the Decatur Housing Authority consisted of the termination notice, a copy of the voucher signed by Ms. Lockett showing the Obligations of the Family, Applicant Certification signed by Ms. Lockett, a police report, the Obligations of the Participating Family, the testimony of Ms. Gray and the testimony of Inv. Josh Sloan. In response Ms. Lockett submitted her testimony. All parties agreed that they had an opportunity to review each side's documents before the hearing started. Now after reviewing the testimony and documents submitted by both parties, the undersigned hearing officer finds as follows:

The evidence presented by the Decatur Housing Authority in support of its position establishes to the satisfaction of the undersigned that Ms. Diandra Lockett's voucher was violated and the violation was of important and material provisions of his participation in the voucher program. Specifically Cameron Lockektt is the son of Ms. Diandra Lockett. Cameron Lockett was arrested in October, 2013 and listed the subject property's address as his (1404 7th St., N.E., Decatur, AL 35601). Cameron had been trespassed from the subject property in June of 2013.

The undersigned finds that Ms. Lockett failed to abide by the necessary and reasonable regulations promulgated by HUD and the Decatur Housing Authority for the benefit and well-being of all participants of the voucher program, and that this failure is a material breach in the agreement between Ms. Lockett and the Decatur Housing Authority. This issue is answered in favor of the Decatur Housing Authority.

Exhibit "A"

A copy of this decision will be mailed to the Decatur Housing Authority and to Ms. Lockett.

DATED the 7th day of March, 2014.

Stephen F. Brown, Hearing Officer for the
Decatur Housing Authority

IN RE: THE INFORMAL HEARING CONCERNING THE TERMINATION OF PARTICIPATION IN THE SECTION 8 HOUSING CHOICE VOUCHER PROGRAM OF DIANDRA TANIA LOCKETT

### I. Procedural History

On June 12, 2013 the Decatur Housing Authority notified the participant of its intended action to terminate Diandra Lockett's participation in the Section 8 Housing Choice Voucher Program effective June 25, 2013. The participant filed a request for an informal hearing in a timely manner. Following this request, the Decatur Housing Authority appointed the Hearing Officer and scheduled this hearing. The Hearing Officer did not make or approve the decision under review and is not a subordinate of such person. On June 19, 2013 the Decatur Housing Authority gave the participant reasonable written notice of the informal hearing.

On June 26, 2013, the Hearing Officer, conducted an informal hearing in compliance with the Decatur Housing Authority's Section 8 Housing Choice Voucher Administrative Plan and 24 CFR 982.555. This informal hearing was tape recorded by the Decatur Housing Authority.

### II. Issues

Whether Diandra Lockett violated the Family Obligations of a Participant Family of the Section 8 Housing Choice Voucher Program due to a family member engaging in violent criminal activity. Diandra Lockett's 17 year old son, Cameron Deshad Lockett was charged as an adult with second-degree assault.

### III. Summary of the Evidence

Witnesses:

Decatur Housing Authority:   Arleen Hall, Section 8 Coordinator
                             Kenyetta Gray, Occupancy Specialist
Section 8 Participant:       Diandra Lockett

Present:

Josh Sloan:   Decatur Housing Authority Liaison Officer
              City of Decatur Police Department

The evidence presented by Arlene Hall, Section 8 Coordinator, Decatur Housing Authority in support of its claim is as follows (all documents are attached to this Informal Hearing Decision):

Exhibit "B"

IN RE: THE INFORMAL HEARING CONCERNING THE TERMINATION OF DIANDRA LOCKETT PARTICIPATION IN THE SECTION 8 HOUSING CHOICE VOUCHER PROGRAM

1. **Newspaper Article from the Decatur Daily** dated June 9, 2013 reporting that on June 8, 2013 Cameron Deshad Lockett, 17, of Decatur, shot a man in the 200 block of 11th Avenue Southwest at about 11:30 p.m. Police said the victim, suffered a single gunshot wound to his back. During the investigation, Lockett was positively identified as the shooter. Lockett was charged as an adult with second-degree assault. Lockett was booked into the Decatur City Jail and was to be transferred to the Morgan County Jail.

2. **Decatur Police Department Case Report**

   On June 8, 2013, at approximately 2325 hours, Officer Prosser was dispatched to 223 11th Avenue Southwest, in reference to a shooting. Police said the victim, suffered a single gunshot wound to his back. The entrance wound was in the lower right back and the exit wound was out the lower right abdomen. The victim stated he did not know the person who shot him from behind.

   The victim and a friend were able to give Officer Prosser a description of the two males, the clothing they were wearing and the direction they were heading (running on foot).

   Officer Prosser advised other officers patrolling the area of the suspects' description and their last known direct of travel. Cameron Lockett was found funning in a drainage ditch at Central Parkway and 2nd Street Southwest. Officer Walker detained Lockett and transported him to the Decatur Police Department.

3. **Copy of the Voucher** that was issued to Diandra Lockett on 3/18/2011 and signed by Diandra Lockett on 3/18/2011 outlining her eligibility to participate in the Section 8 Housing Choice Voucher Program. The Family Obligations have been violated as outlined below:

   **4. Obligations of the Family**

   A.   When the family's unit is approved and the HAP contract is executed, the family must follow the rules listed below in order to continue participating in the housing choice voucher program.

   D.   The family (including each family member) must not:

   4.   Engage in drug-related criminal activity or violent criminal activity or other criminal activity that threatens the health, safety or right to peaceful enjoyment of other residents and persons residing in the immediate vicinity of the premises.

Case 5:14-cv-00903-AKK   Document 1   Filed 05/29/14   Page 13 of 17

IN RE: THE INFORMAL HEARING CONCERNING THE TERMINATION OF DIANDRA LOCKETT PARTICIPATION IN THE SECTION 8 HOUSING CHOICE VOUCHER PROGRAM

3. **Other documents signed by Diandra Lockett**

   (a)  Obligations of the Participating Family signed at the Annual Recertification on 2/26/2013.

   (b)  Briefing document signed by Diandra Lockett on 3/18/2011 outlining the rules of the Section 8 Housing Choice Voucher program, which includes the following:

   4.  You have to live up to your obligations under the Voucher and the lease.

   13. You are responsible for your family and any guest.

   18. I understand that I cannot be involved in any drug related activities or criminal activities nor can any of my guests be involved.

   (c)  Applicant/Tenants Certification signed by Diandra Lockett on 3/18/2011.

Ms. Diandra Lockett's testimony is as follows:

- Diandra Lockett stated that on June 8, 2013, the evening her son was arrested for second-degree assault that she was at home with her 2 daughters. She also stated that it had been decided that Cameron Lockett (17 year old son) was going to live with his father. Diandra felt that he needed guidance and the influence of a man in his life to teach him responsibility. The move to his father's home was to take place on June 10, 2013; Cameron Lockett was arrested on June 8, 2013. Diandra stated that she had nowhere else to go if she lost her housing, and not enough money to get an apartment on her own for her and her minor children. She asked that she not be held responsible for the actions of her son who she had no control over. She stated that even though she was at home and has been doing right by raising her daughters, that they all will be held responsible for her son's actions. She again asked that we somehow let her keep her housing.

### IV.  Findings of Fact

After reviewing the evidence submitted by the Decatur Housing Authority, and the testimony of Diandra Lockett, the undersigned Hearing Officer finds that Diandra Lockett is in violation of the Family Obligations as outlined above in III. Summary of

Case 5:14-cv-01003-AKK   Document 1   Filed 05/29/14   Page 14 of 17

IN RE: THE INFORMAL HEARING CONCERNING THE TERMINATION OF DIANDRA LOCKETT PARTICIPATION IN THE SECTION 8 HOUSING CHOICE VOUCHER PROGRAM

Evidence due to the fact that Cameron Deshad Lockett shot a man and is being charged as an adult with second degree assault.

The Decatur Housing Authority's Section 8 Administrative Plan, *Section 15.3 Informal Hearings for Participants, E. Considering Circumstances* states the following:

> E.   *Considering Circumstances*
>
> *In deciding whether to terminate assistance because of action or inaction by members of the family, the Housing Authority may consider all of the circumstances in each case, including the seriousness of the case, the extent of participation or culpability of individual family members, and the effects of denial or termination of assistance on other family members who were not involved in the action or failure.*
>
> *The Housing Authority may impose, as a condition of continued assistance for other family members, a requirement that family members who participated in or were culpable for the action or failure will not reside in the unit. The Housing Authority may permit the other members of a participant family to continue receiving assistance.*

In considering the facts in this termination, and the effects of the termination of assistance on other family members who were not involved in the violent criminal activity, as a condition for the continued assistance for Diandra and her daughters I am imposing, **a requirement that Cameron Deshad Lockett must not reside in the unit. If at any time, Cameron Deshad Lockett is found to be living with Diandra Lockett while receiving Housing Assistance, her participation in the program will be terminated.** As a condition to remain on the program, you must agree and acknowledge that you agree to this condition and that you fully understand that Cameron Deshad Lockett cannot live with you. Additionally, that you fully understand that if at any time you violate this condition your participation in the Section 8 Housing Choice Voucher program will be terminated.

The notice to terminate Diandra Lockett's participation in the Section 8 Housing Choice Voucher program is overturned and she will remain on the program as long as she is in good standing with the Family Obligations and the conditions outlined above.

**IN RE: THE INFORMAL HEARING CONCERNING THE TERMINATION OF DIANDRA LOCKETT PARTICIPATION IN THE SECTION 8 HOUSING CHOICE VOUCHER PROGRAM**

**Family's Right to Judicial Review:**

This decision shall not constitute a waiver of, nor affect in any manner whatever, any rights you may have to judicial review through the court system in this matter.

Signed,

*Paula K. Larick*
Hearing Officer

C:  Arlene Hall, Section 8 Coordinator – Decatur Housing Authority
    Kenyetta Gray, Occupancy Specialist – Decatur Housing Authority
    Diandra Lockett
    File

# Housing Authority of The City of Decatur Alabama

P.O. Box 878      907 10th Avenue NE      Decatur, Alabama  35602
Phone: 256-353-2191      TDD: 800-548-2547      Fax: 256-353-2285

January 13, 2014

DIANDRA TANIA LOCKETT
1404 7TH ST SE
DECATUR, AL  35601

Dear DIANDRA TANIA LOCKETT:

The Decatur Housing Authority proposes to terminate your participation in the Section 8 Housing Choice Voucher program effective  1-31-2014 , for the following reason(s):

You have violated your Housing Choice Voucher. #4. Obligations of the Family:

*Cameron Lockett engaged in criminal activity, and used participants address.*

You are entitled to an informal hearing at the Housing Authority at which you may be represented, may present and question evidence or witnesses. If you wish to have this hearing, you must request it in writing within ten (10) calendar days of the date of this letter.

If you do not request a hearing, or if a hearing upholds the proposed termination, your participation will terminate effective  1-31-2014 . Thereafter, you will be responsible for the full rent to the owner which is $ 660.00 .

Should you have any question, please contact  Kenyetta Wray  at 256/353-2191.

Sincerely,

*Kenyetta Wray*
for Jeffrey L. Snead
Director of Housing

Exhibit "C"



ELECTRONICALLY FILED
5/19/2014 11:05 AM
52-DV-2014-900201.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

IN THE DISTRICT COURT OF MORGAN COUNTY, ALABAMA

| | |
|---|---|
| MORRIS GARY,<br>MORRIS DENISE,<br>Plaintiffs,<br><br>V.<br><br>LOCKETT DIANDRA TANIA,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No.:   DV-2014-900201.00<br>)<br>)<br>) |

## CONSENT JUDGMENT

Case called for trial. Parties appeared. Upon confession of judgment by the defendant herein, it is hereby ORDERED and ADJUDGED that Consent Judgment be entered in favor of plaintiffs and against defendant on the Unlawful Detainer Count for Possession of the property located at 1404 7TH Street SE, Decatur, Alabama 35601. WRIT FOR POSSESSION OF THE PROPERTY IS TO BE ISSUED ONLY AFTER APPLICATION TO THE CLERK BY THE PLAINTIFFS NO SOONER THAN SEVEN (7) CALENDAR DAYS FROM THE DATE OF ENTRY OF THIS JUDGMENT. Defendant agreed to vacate the premises by 9:00 a.m. on June 2, 2014.

Pursuant to Rule 54(b), and in order to make this a final order, the Court specifically finds that there is no just reason for delay and specifically directs the immediate entry of judgment as to the defendant for the property sued for and costs of Court.

On agreement to vacate by June 2, 2014, the plaintiffs have withdrawn the money count.

The defendant-tenant has waived appeal.

DONE this 19th day of May, 2014.

/s/ BRENT CRAIG
DISTRICT JUDGE

Exhibit "D"